

RECEIVED
IN LAKE CHARLES, LA.

MAY -4 2015

TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LAURA GARY, | * | CIVIL ACTION NO. 2:14-cv-3131 |
| Plaintiff, | * | |
| v. | * | JUDGE MINALDI |
| WAL-MART LOUISIANA, LLC, ET AL., | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

**************************************************************************

## MEMORANDUM RULING

Before the court is True Manufacturing Company, Inc.'s ("True Manufacturing") Motion to Dismiss for Failure to State a Claim [Doc. 16], to which Coca-Cola Bottling Company United, Inc. ("Coca-Cola") has filed a Response [Doc. 20], to which True Manufacturing has filed a Reply [Doc. 22]. For the following reasons, True Manufacturing's Motion [Doc. 16] be and hereby is **GRANTED**.

## FACTS & PROCEDURAL HISTORY

Laura Gary ("Gary") slipped and fell in a large puddle of water located near a beverage cooler owned by Coca-Cola while shopping at a Wal-Mart.[1] Gary initially filed suit against Wal-Mart in the 14th Judicial District Court for the Parish of Calcasieu.[2] On August 27, 2014, she amended her petition to include allegations that Coca-Cola was at fault for her injuries because it (1) failed to maintain the beverage cooler, (2) failed to inspect the cooler periodically, (3) failed to replace the cooler after being notified of a mechanical issue, (4) allowed the cooler to become

---

[1] First Supplemental and Am. Pet. for Damages [Doc. 1-5], at 1-2.
[2] Pet. for Damages [Doc. 1-2].

1

dangerous, and (5) failed to properly clean the cooler.[3] Wal-Mart and Coca-Cola removed the matter to this court on October 28, 2014.[4]

Thereafter, Coca-Cola filed a third party complaint against True Manufacturing.[5] In this complaint, Coca-Cola alleges that True Manufacturing manufactured the cooler in question and that the cooler was unreasonably dangerous and defective.[6] The complaint asserts that upon these facts, True Manufacturing is responsible for indemnifying or reimbursing Coca-Cola for any judgment rendered against Coca-Cola in this matter.[7] True Manufacturing filed the instant Motion on March 5, 2015.[8]

## LAW & ANALYSIS

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seek the dismissal of an action for failure to state a claim and challenge the sufficiency of a plaintiff's allegations. *See* Fed. R. Civ. Pro. 12(b)(6). The Fifth Circuit has stated that motions to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (additional citations omitted)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The allegations must "raise the right to relief above the speculative level." *Id.* at 555. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

---

[3] *Id.* ¶ 7a.
[4] Not. of Removal [Doc. 1].
[5] Third Party Compl. [Doc. 13].
[6] *Id.* ¶ 11.
[7] *Id.* ¶ 13.
[8] Mot. to Dismiss [Doc. 16].

Under Federal Rule of Civil Procedure 14(a)(1), a third-party complaint may only be asserted by a defending party against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "The secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1446, at 415–21 (3d ed. 2010). "Impleader also is proper only when a right to relief exists under the applicable substantive law; if it does not, the impleader claim must be dismissed. If, for example, the governing law does not recognize a right to contribution or indemnity, impleader for these purposes cannot be allowed." *Id.* at 435–36.

Under Louisiana law, the obligation to indemnify arises either by contract or by operation of law. *Marco Ltd. P'ship v. Bruks Inc.*, 430 Fed. Appx. 332, 335 (5th Cir. 2011) (unpublished) (citing *Nassif v. Sunrise Homes, Inc.*, 739 So.2d 183, 185 (La. 1999)). The parties are in agreement that there was no contract between True Manufacturing and Coca-Cola that would give rise to contractual indemnity and focus their arguments on whether True Manufacturing has a responsibility to indemnify arising from operation of law.

A party "who is actually negligent or actually at fault cannot recover [legal] indemnity." *Id.* (quoting *Hamway v. Braud*, 838 So.2d 803, 806 (La. Ct. App. 2002)). "An action for indemnity will lie so long as the party's fault can be characterized as merely technical or constructive, and where the party was exposed to liability and compelled to pay damages on account of the negligent act of the third party defendant." *Id.* (internal quotations and citations omitted). Coca-Cola has failed to show how it could be liable to the plaintiff without having fault itself. Either Coca-Cola was actually negligent in its maintenance of the cooler—and

indemnity is not available—or Coca-Cola was not negligent in its maintenance of the cooler and therefore faces no actual, technical, or constructive liability. Indemnity is not available under either scenario.

Lake Charles, Louisiana, this 17 day of April, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE