UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LAURA GARY, | * | CIVIL ACTION NO. 2:14-cv-3131 |
| | * | |
| v. | * | JUDGE MINALDI |
| | * | |
| WAL-MART LOUISIANA, LLC, ET AL., | * | MAGISTRATE JUDGE KAY |

**********************************************************************

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment (Rec. Doc. 27) filed by Coca-Cola Bottling Company United, Inc. ("Coca-Cola"), an Opposition (Rec. Doc. 34) filed by Laura Gary, and a Reply (Rec. Doc. 35) filed by Coca-Cola. For the following reasons, Coca-Cola's Motion (Rec. Doc. 27) is **GRANTED**.

## FACTS & PROCEDURAL HISTORY

On June 18, 2014, Gary was shopping at a Wal-Mart store located on Nelson Road in Lake Charles, Louisiana.[1] As Gary approached register one to check out, she alleges that she suddenly slipped and fell in a large puddle of water near the Coca-Cola cooler.[2] According to Gary, she sustained injuries to her body as a whole, including her left arm, elbow and wrist.[3] On July 31, 2014, Gary filed suit against Wal-Mart Louisiana, LLC ("Wal-Mart"), in the Fourteenth Judicial District Court for the Parish of Calcasieu.[4] Coca-Cola was named as a defendant by a First Supplement and Amending Petition for Damages filed by Gary on August 27, 2014.[5] On October 28, 2014, the case was removed.[6] The instant motion was filed on May 20, 2015.[7]

---

[1] Pet. for Damages (Rec. Doc. 1-2) ¶¶ 3-4.
[2] *Id.* ¶¶ 5-6.
[3] *Id.* ¶ 9.
[4] *See* Pet. for Damages (Rec. Doc. 1-2).
[5] *See* First Supplemental and Amending Pet. for Damages (Rec. Doc. 1-5).
[6] Notice of Removal (Rec. Doc. 1).

1

**LAW & ANALYSIS**

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A dispute is said to be "genuine" only where "a reasonably jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n.1 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (additional citation omitted)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to a party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)). "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence.'" *Cormier v. W&T Offshore, Inc.*, No. 10-1089, 2013 U.S. Dist. LEXIS 53416, at *18-19 (W.D. La. Apr. 12, 2013) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

LOUISIANA CIVIL CODE ARTICLE 2317.1

Under Louisiana Civil Code article 2317.1, to establish liability based on ownership or custody of a thing a plaintiff must show that (1) the defendant was the owner or custodian of a thing which caused the damage, (2) the thing had a ruin, vice, or defect that created an unreasonable risk of harm, (3) the ruin, vice, or defect of the thing caused the damage, (4) the

---

[7] Mot. for Summ. J. (Rec. Doc. 27).

defendant knew or, in the exercise of reasonable care, should have known of the ruin, vice or defect, (5) the damage could have been prevented by the exercise of reasonable care, and (6) the defendant failed to exercise such reasonable care. *Angelle v. Kroger Co.*, No. 2:12-CV-01759, 2013 WL 6074626, at *4 (W.D. La. Nov. 18, 2013) (citing *Leonard v. Ryan's Family Steak Houses, Inc.*, 2005-0775 (La. App. 1 Cir. 6/21/06); 939 So.2d 401). "A defect for the purposes of article 2317 is a flaw or condition of relative permanence inherent in the thing as one of its qualities." *Crane v. Exxon Corp., U.S.A.*, 613 So.2d 214, 219 (La. Ct. App. 1992) (citations omitted). "A temporary condition may constitute a hazard, but it does not constitute a defect as contemplated by article 2317." *Id.*

Gary has the burden of proving Coca-Cola had actual or constructive knowledge of any defect in the beverage cooler,[8] and she has failed to do so. Coca-Cola claims that it was never notified prior to the accident that the beverage cooler at issue was leaking.[9] The only evidence that Gary offers to the contrary is the testimony of Teanette Evans, a customer service associate and safety team leader at Wal-Mart. According to Evans, Steve Augusto, a Coca-Cola employee who did repair work on the Coca-Cola's coolers at that Wal-Mart, told her prior to the incident "that they have been having problems with Coke coolers that has [sic] been leaking, but never specified which ones."[10] This vague recollection is insufficient to prove that the Coca-Cola had actual notice that the beverage cooler near register one was leaking prior to the accident.

Gary also argues that Coca-Cola had constructive notice of the alleged defect because it failed to perform formal routine inspection of its property for damage or defect. Coca-Cola

---

[8] Although this motion will be resolved on the issue of whether Coca-Cola had notice, the court notes that it is unclear whether Gary has provided sufficient evidence to demonstrate that a *defect* in the beverage cooler caused the pool of water.
[9] *See* Ex. A, Affidavit of Nikki Stout (Rec. Doc. 27-3). The only service record Coca-Cola had on file for the beverage cooler at issue prior to the incident related to a burnt wire. *Id.*
[10] Ex. B, Depo. of Teanette Evans (Rec. Doc. 34-3), at 16.

representatives are supposed check the beverage coolers daily, and Gary appears to argue that they only performed routine cleaning instead of a formal routine inspection, though she fails to provide any substantive evidence. Coca-Cola notes that the representatives generally arrive at 5:00 or 6:00 a.m., and the incident did not occur until around 7:15 p.m. The court finds that Coca-Cola did not have constructive notice of the alleged defect in the beverage cooler.

Thus, Coca-Cola's motion for summary judgment will be **GRANTED**.

Lake Charles, Louisiana, this 21 day of March, 2016.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE