UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LAURA GARY | * | CIVIL ACTION NO. 2:14-cv-3131 |
| | * | |
| v. | * | JUDGE MINALDI |
| | * | |
| WAL-MART LOUISIANA, LLC, ET AL | * | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment (Rec. Doc. 37) filed by defendant Wal-Mart Louisiana, LLC ("Wal-Mart"), Oppositions (Rec. Docs. 44 & 46) filed by defendant Coca-Cola Bottling Co. United, Inc. ("Coca-Cola"), and plaintiff Laura Gary ("Gary"), respectively, and a Reply (Rec. Doc. 51) filed by Wal-Mart. For the following reasons, Wal-Mart's Motion (Rec. Doc. 37) will be **DENIED**.

### FACTS & PROCEDURAL HISTORY

On June 18, 2014, Gary was shopping at a Wal-Mart store in Lake Charles, Louisiana.[1] She alleges that, as she approached Register #1 to check out, she slipped and fell in a large puddle of water near the Coca-Cola cooler.[2] Gary states that she sustained injuries to her body as a whole, including her left arm, elbow, and wrist.[3] On July 31, 2014, she filed suit against Wal-Mart in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, later amending her complaint to name Coca-Cola as a defendant.[4] The case was removed to this court on October 28, 2014.[5]

---

[1] Pet. for Damages (Rec. Doc. 1-2) ¶¶ 3–4.
[2] *Id.* at ¶¶ 5–6.
[3] *Id.* at ¶ 9.
[4] *See* Pet. for Damages (Rec. Doc. 1-2); First Supplement and Amending Petition for Damages (Rec. Doc. 1-5).
[5] Notice of Removal (Rec. Doc. 1).

1

Coca-Cola filed a Motion for Summary Judgment (Rec. Doc. 27), which was granted by this court on March 21, 2016.[6] Wal-Mart filed the instant motion on September 28, 2015.[7]

## LAW & ANALYSIS

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is said to be genuine only where "a reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). In ruling on a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the non-moving party. *Id.* at *3 n. 1 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (additional citation omitted)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No. 10-cv-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sep. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)). "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence.'" *Cormier v. W&T Offshore, Inc.*, No. 10-cv-1089, 2013 U.S. Dist. LEXIS 53416, at *18–19 (W.D. La. Apr. 12, 2013) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

---

[6] J. Granting Mot. for Summ. J. (Rec. Doc. 59). Gary filed a Notice of Appeal (Rec. Doc. 60) for that judgment on April 18, 2016.
[7] Mot. for Summ. J. (Rec. Doc. 37).

2

LA. REV. STAT. 9:2800.6

Merchants, such as Wal-Mart, have a duty to their patrons "to exercise reasonable care to keep . . . aisles, passageways, and floors in a reasonably safe condition." LA. REV. STAT. 9:2800.6. The same statute establishes the burden of proof in claims against merchants, stating that:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

*Id.*

Wal-Mart contends that the parties cannot establish that it had actual or constructive notice of the condition that allegedly caused Gary's fall, or that Wal-Mart caused the leak. We first address the issue of actual notice.

The non-moving parties rely on the testimony of Teanette Evans, an employee who acted as customer service associate and safety team leader at the Wal-Mart store where this claim arose,[8] to establish that Wal-Mart had notice of leaking coolers at the store. Evans testified that Steven Augusto, a Coca-Cola employee, informed her more than 30 days before Gary's alleged fall that there was a problem with Coca-Cola coolers leaking in the store.[9] Augusto did not specify which coolers were leaking, but Evans assumed that the cooler at Register #1 was

---

[8] Depo. of Teanette Evans (Rec. Doc. 46-3), 7:11–14, 9:15–22.
[9] *Id.* at 15:25–17:17.

3

included.[10] Gary's husband also testified that after his wife's fall he heard a Wal-Mart employee remark, "It was leaking again," which he understood as a reference to the Coca-Cola cooler.[11]

In ruling on the prior Motion for Summary Judgment, the court found that Evans' recollection was too vague to establish that Coca-Cola had notice of the fact that the cooler at Register #1 was leaking.[12] However, given Evans' position as safety team leader, her own assumption that the leaking coolers included the one at Register #1, and the statement overheard by Gary's husband, there is sufficient support for the issue of Wal-Mart's prior actual notice of the condition (leaking cooler) alleged to be the cause of the injury here. Accordingly, Wal-Mart is not entitled to summary judgment and this court will not address its other claims.

Lake Charles, Louisiana, this 12 day of _____May_____, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[10] *Id.* at 17:2–7.
[11] Depo. of Randy Gary (Rec. Doc. 46-4), 13:11–22.
[12] Memo. Ruling on Mot. for Summ. J. (Rec. Doc. 58), at 3.